## Joe Janak v. The State.

### No. 7313.   Decided January 10, 1923.

**Misdemeanor Theft—Purchase—Charge of Court—Explanation.**

Where, upon trial of misdemeanor theft, the court did not charge the jury if they believed from the evidence that defendant had bought the property, he should be acquitted, but only charged them in a general way on the question of explanation and the defendant asked a specific charge thereon, which the court refused, the same was reversible error.

Appeal from the County Court of Lavaca.   Tried below before the Honorable J. A. Sommerlatte.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $50, and one day confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Appellant was convicted of misdemeanor theft, and his punishment assessed at a fine of $50 and imprisonment in the county jail for one day.

The alleged stolen property was found in appellant's possession by the officers who were armed with a search warrant, and appellant made the explanation at that time that he had purchased the property in question from a man who represented himself to be the owner thereof and whom appellant believed to be such.   Upon the trial of the case appellant also testified to these same facts.   In submitting the case to the jury the court charged that if at the time his possession of the property was first challenged he made an explanation which was reasonable and probably true it should be regarded as true and he should be acquitted unless the State had proved the falsity of such explanation, in which event the jury could consider the explanation in connection with all the other facts and circumstances in evidence and appellant should not be convicted unless they believed from all the evidence beyond a reasonable doubt that he was guilty of the theft.   The court however did not charge the jury specifically that if they believed appellant had bought the property he should be acquitted.   It is contended that appellant having testified before the jury and presented

this specific defense that he was entitled to an affirmative charge thereon independent of any explanation he may have made at the time the property was discovered in his possession. Paragraph four of the objection to the court's charge complains specifically because there was an omission to so charge, and the following special instruction was requested in a timely way to cure the omission complained of:

"But if you find from the testimony that the defendant acquired said property by purchase or gift from one Zacklervitz or some person representing himself to bear that name, or from any person purporting to be the owner thereof, and that this defendant so believed, then you will acquit the defendant, or if you have a reasonable doubt thereof, you will acquit him."

We do not deem it necessary to set out in detail the evidence in the case, but from the issues raised thereby we believe the requested charge should have been given. It was appellant's affirmative defense and in no specific way was it presented to the jury. The charge on explanation of possession of recently stolen property was only in general terms and did not embrace the question of purchase. Where the omission complained of was specifically pointed out to the court and a charge intended to supply that omission was presented, the refusal to submit it is such an error as calls for a reversal. If the special charge had been given the charge on explanation of possession of recently stolen property would not have been necessary, but we do not believe the converse is true.

The judgment is reversed and cause remanded.

*Reversed and remanded.*